UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 07-118 CAS | Date | April 21, 2008 |
|---|---|---|---|
| Present: The Honorable | Christina A. Snyder | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Jason Gonzales, Not Present<br>Hank Walther, D.O.J., Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Carlos Serrano | Not | | X | Liliana Coronado, DFPD | Not | | X |

| Proceedings: | **(IN CHAMBERS): DEFENDANT'S MOTION TO COMPEL DISCOVERY THE GOVERNMENT'S MOTION IN LIMINE** (FILED 02/21/08) |
|---|---|

## I.   INTRODUCTION

On February 22, 2007, the government filed an indictment against defendant Carlos Serrano charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, and bank fraud in violation of 18 U.S.C. § 1344(2).

On February 21, 2008, the government filed the present motion *in limine* ("MIL") to admit statements made by defendant in connection with plea proceedings. Defendant filed his opposition thereto on February 25, 2008. Defendant has also moved to compel certain discovery. The government opposes defendant's motion to compel.

## II.   DISCUSSION

### A.   MOTION TO COMPEL DISCOVERY

Defendant moved the Court by way of an oral motion to compel production of notes made by a government agent, which notes were used by the agent to draft a Form 302 report. The government has already produced the Form 302 report, but argues that it is not required to produce the notes underlying the report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court concludes that under Brady v. Maryland, 373 U.S. 83 (1963), the government must produce the underlying notes if they are exculpatory in nature or if the notes are inconsistent with the Form 302 report such that they might be used to impeach the agent's trial testimony. United States v. Pisello, 877 F.2d 762, 768 (9th Cir. 1989). Additionally, notes taken by a government agent in interviewing a witness may be subject to production after the witness testifies under the Jencks Act, 18 U.S.C. § 3500, (1) if the notes were "adopted or approved" by the witness, 18 U.S.C. § 3500(e)(1), or (2) if the notes constitute a "substantially verbatim recital of an oral statement made by the [] witness," 18 U.S.C. § 3500(e)(2). United States v. Johnson, 521 F.2d 1318 & n.1 (9th Cir. 1975). Otherwise, the government need not produce the underlying notes.

### B.     NOTICE OF INTENT TO INTRODUCE ADMISSIONS

The government seeks to introduce, at trial, statements made by defendant during the course of plea negotiations.

In or around July 2006, defendant and his retained counsel negotiated a plea agreement with the United States Department of Justice ("DOJ"), wherein defendant agreed to plead guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 286 and one count of mail fraud in violation of 18 U.S.C. § 1341. Defendant signed the plea agreement on November 21, 2006. Also on November 21, 2006, defendant signed a Statement of the Offense. Therein, defendant admitted to having engaged in certain conduct, which conduct underlies the present indictment. On November 21, 2006, defendant appeared with his counsel for a plea hearing before the Honorable Richard W. Roberts in the United States District Court for the District of Columbia. Judge Roberts conducted a plea colloquy with defendant. However, Judge Roberts ultimately rejected defendant's plea.

The government argues that defendant breached his plea agreement, and that it is therefore entitled to introduce admissions made by defendant in the signed Statement of the Offense, as well as other admissions made before Judge Roberts at the November 21, 2006 plea hearing. The government seeks to introduce defendant's statements in its case-in-chief, or alternatively, in its rebuttal case.

Paragraph 16 of the plea agreement provides, in relevant part, as follows:

Defendant agrees that if he fails to comply with any of the provisions of this plea agreement, including the failure to tender such plea agreement to the Court, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the Government will have the right to characterize

> such conduct as breach of this plea agreement. In the event of such a breach, . . . the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information or material provided by him pursuant to this agreement.

MIL, Ex. A (Plea Agreement) ¶ 16.

The government argues that defendant breached the plea agreement (1) by making false and misleading statements at the plea hearing, (2) by attempting to minimize his role in the crimes charged, and (3) by failing to tender the plea agreement. The government argues that defendant made false and misleading statements by stating that he did not know at the time of signing certain documents that gave rise to the charges herein, that those documents contained false or inaccurate representations. The government further argues that defendant breached his plea agreement by first maintaining that he did not know that First International Bank required certain documents before it would pay $1.1 million in loan proceeds to defendant, and then, later admitting that he did in fact know that First International Bank in fact required these documents. The government argues that by asserting that "there was somebody else involved with this and most of the things that happened I was given instructions to do," defendant attempted to minimize his role in the crimes charged, and thereby breached his plea agreement. Opp'n to MIL, Ex. F (Transcript) at 12:10-12.

Plea agreements are contracts to which the ordinary rules of contractual interpretation apply. United States v. Fernandez, 960 F.2d 771, 772 (9th Cir. 1991). "A court must determine breach, with an evidentiary hearing if there are disputed issues of fact, and as a matter of law if the pleadings show no factual disputes." United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir. 1988). "To decide whether a plea agreement has been breached, this court considers what the defendant reasonably understood when he pled guilty." Id. The government bears the burden of proving breach by a preponderance of the evidence. Id.

Based on the present record, the Court declines to find that there is a breach of the plea agreement The government does not explain why defendant's attempting to minimize his role in the crimes charged, which he did not deny committing, would constitute a material breach of the plea agreement. Moreover, the government does not provide the Court with any basis for concluding that defendant's statements during the plea colloquy were false. It appears that the government is arguing that because knowledge is an element of 18 U.S.C. § 286, and intent an element of 18 U.S.C. § 1341, defendant's assertions that he did not know that the documents he signed were false when he signed them, renders his statements at the plea colloquy false. However, defendant's statements during the plea colloquy are at best ambiguous. Moreover, during the plea hearing, defendant did not contradict his admissions in the Statement of the

Offense. Defendant does not concede in the Statement of Offense that he knowingly signed a false document.[1] Compare United States v. Rebbe, 314 F.3d 402, 404 (9th Cir. 2002) (allowing government to use defendant's proffered statements to "rebut any evidence or arguments [defendant] made at trial that were inconsistent" therewith). Nor does the Statement of the Offense make any statements as to why the documents defendant signed were required to be provided to First International Bank. See MIL, Ex. A (Plea Agreement) ¶ 1 ("SERRANO and others prepared false documents to facilitate the loan transaction and then misappropriate the loan proceeds."). Assuming arguendo that defendant first equivocated as to whether he knew the purpose behind sending documents to First International Bank, he eventually admitted that he signed the documents knowing that the documents were needed to extract money from First International Bank. Opp'n to MIL, Ex. 1 (Transcript) at 26:18-27:5.

As stated above, the plea agreement also provides that the "failure to tender the plea agreement" constitutes a breach. MIL, Ex. A (Plea Agreement) ¶ 16. The parties do not explain what is meant by the phrase "failure to tender." Black's Law Dictionary defines "tender" as "a valid and sufficient offer of performance." Black's Law Dictionary (8th ed. 2004). The Court agrees with defendant that he did not refuse to consummate the plea agreement. Defendant attempted to enter a guilty plea. However, the court did not find that a sufficient factual basis existed for accepting his guilty plea. See Opp'n to MIL, Ex. F (Transcript) at 29:8-13 ("Well, I don't want to have to keep struggling this way through this plea and I'm not going to do it. So you all have some work to do. If this is going to go forward, let me know when you come back. If it's not, I need to know that."). "The

---

[1] The Statement of the Offense provides in relevant part

  3. On or about March 16, 2001, SERRANO signed a false Commercial Invoice listing more than $1.3 million worth of United States goods that he had purportedly purchased on behalf of MTC Optical.
  4. On or about March 16, 2001 SERRANO signed a false Packing List describing the purported contents of nineteen boxes of United States goods and one crate of United States goods that would be shipped to MTC Optical.
  5. On or about April 11, 2001, SERRANO signed a false Ex-Im Bank Supplier's Certificate certifying that SERRANO had purchased and shipped approximately $1.3 million worth of United States goods to MTC Optical and that the entire amount of inventory was purchased from United States companies.

MIL, Ex. A (Plea Agreement) ¶¶ 3-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

government will be held to the literal terms of the agreement," <u>United States v. Packwood</u>, 848 F.2d 1009, 1012 (9th Cir. 1988), and under the terms of defendant's plea agreement, the court's failure to accept a guilty plea is not a breach.

Based on the foregoing, the Court finds that the government has failed to establish that defendant breached his plea agreement. Accordingly, pursuant to Fed. R. Evid. 410, statements defendant made during the course of plea negotiations are inadmissible against him.

### III.  CONCLUSION

To the extent that the notes underlying the government agent witness interview reports at issue here are exculpatory or inconsistent with the final report, the Court GRANTS defendant's motion to compel, and hereby directs the government to produce the underlying notes to defendant. The Court otherwise DENIES defendant's motion to compel. Further, the Court concludes that the government has failed to establish that defendant breached his plea agreement. Accordingly, the Court finds that statements made by defendant in connection with plea proceedings are inadmissible.

IT IS SO ORDERED.

00  :  00

Initials of Deputy Clerk     CMJ

cc:   Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Pretrial Services